IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VINCENT L. BROADNAX, )
 )
       Plaintiff, )
 )
       v. )      1:16CV208
 )
OFFICER HARRISON, et al., )
 )
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. As the Court informed Plaintiff in conjunction with a previous filing in case 1:16CV117, Plaintiff does not appear to state any proper claim for relief. The Complaint alleges that Defendant Officer Harrison shut Plaintiff's finger in the door of his cell, causing pain and bleeding under the skin. Plaintiff describes Officer Harrison as acting carelessly and recklessly, but provides absolutely no facts to support this. Further, the facts he alleged in his earlier case indicated that the incident was simply an accident. Suits brought under § 1983 must involve intentional violations of a plaintiff's rights. Accidents and negligence do not state a claim under § 1983. Plaintiff also alleges that Defendant Nurse Dawn provided him with improper medical care. In order to state such a claim under § 1983, Plaintiff would have to allege facts showing deliberate indifference to a serious medical need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). However, he alleges that Nurse Dawn came to his cell within five minutes of the injury to his finger, examined the injury, and

ordered ice and pain medication to treat it after Plaintiff asked for something to relieve the pain and swelling. Plaintiff asserts that she should have sent him for an x-ray, but alleges no facts showing such treatment was immediately necessary, that it would have helped or affected the situation in any way, or that the treatment employed amounted to deliberate indifference. Mere disagreement with the prescribed treatment is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013), citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 24th day of March, 2016.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**